UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ALEXANDER NOLASCO,

    Plaintiff,

v.

A K S CARTAGE CORP., a Florida for profit corporation, JEMARY JORGE, an individual, BARBARA VERONA, an individual, D L I TRANSPORT CORP., a Florida for profit corporation, and ALEJANDRO ARRIETA, an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff, ALEXANDER NOLASCO ("Plaintiff"), by and through undersigned counsel, hereby files this lawsuit against Defendants, A K S CARTAGE CORP. ("Defendant A K S"), JEMARY JORGE ("Defendant JORGE"), BARBARA VERONA ("Defendant VERONA"), D L I TRANSPORT CORP. ("Defendant D L I"), and ALEJANDRO ARRIETA ("Defendant ARRIETA") (collectively "Defendants"), for unpaid overtime wages, and in support thereto alleges as follows:

### PARTIES, JURISDICTION & VENUE

1. This is an action for damages as a result of Defendant's failure to pay overtime wages, brought pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, et seq. for unpaid overtime payments under § 207.

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 as this matter

involves a violation of 29 U.S.C. § 207.

3. Plaintiff is an individual residing in Miami-Dade County, Florida and is otherwise *sui juris*.

4. Plaintiff was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and one-half times his regular rate of pay for all time spent working over forty (40) hours per week.

5. Plaintiff consents to participate in this lawsuit. D.E. 1-1.

6. Defendant A K S is a Florida for profit corporation that conducts business in Florida, and is otherwise *sui juris*.

7. Defendant A K S maintains its office and principal place of business in Miami-Dade County, Florida.

8. Defendant A K S is an employer as defined by 29 U.S.C. § 203.

9. Defendant JORGE was and is the President of Defendant A K S, and is otherwise *sui juris*.

10. At all times material, Defendant JORGE ran Defendant A K S' day-to-day operations, and was partially or totally responsible for paying Plaintiff's wages.

11. Defendant JORGE is an employer as defined by 29 U.S.C. § 203.

12. Defendant VERONA was and is the Vice President of Defendant A K S, and is otherwise *sui juris*.

13. At all times material, Defendant VERONA ran Defendant A K S' day-to-day operations, and was partially or totally responsible for paying Plaintiff's wages.

14. Defendant VERONA is an employer as defined by 29 U.S.C § 203.

2

15. Defendant D L I is a Florida for profit corporation that conducts business in Florida, and is otherwise *sui juris*.

16. Defendant D L I maintains its office and principal place of business in Miami-Dade County, Florida.

17. Defendant D L I is an employer as defined by 29 U.S.C. § 203.

18. Defendant ARRIETA is an individual residing in Miami-Dade County, Florida and is otherwise *sui juris*.

19. Defendant ARRIETA was partially or totally responsible for paying Plaintiff's wages.

20. Defendant ARRIETA is an employer as defined by 29 U.S.C. § 203.

21. Defendants were direct employers, joint employers or co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. § 203(d).

22. Venue is proper in the Southern District of Florida because all actions and omissions leading to the filing of this action occurred and arose in the Southern District of Florida.

## FACTUAL BACKGROUND

23. Defendants have been at all times material engaged in interstate commerce in the course of its provisions of shipping, logistics, quality control, and related services, which cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

24. Defendants annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

25. Defendants operate as part of an enterprise that is comprised of Prodin International, Corp., D L I Transport Corp., Prodin Investment Corporation, A K S Cartage Corp. Nahum Corporation, and Mountain Eagle Brokerage, Inc., who operate out of the same office(s), who have the same officer(s) (Defendant JORGE, Defendant VERONA, and/or Defendant ARRIETA), and who operate for a common business purpose.

26. Specifically, Defendants own and operate a shipping and logistics (freight forwarding) company that ships, stores, and transports products and materials that move through interstate commerce, and utilizing computers, cellular telephones, telephones, phone systems, and other materials and supplies to engage in interstate commerce.

27. Plaintiff worked for Defendants from approximately August 3, 2015 through September 20, 2016. To the extent records exist regarding the exact dates of Plaintiff's employment, such records are in the exclusive custody of Defendants.

28. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her providing customer service for Defendants.

29. Defendants paid Plaintiff a weekly salary of Four-Hundred Dollars ($400.00) while requiring Plaintiff to work approximately seventy (70) hours per week.

30. Defendant has consistently failed and intentionally and/or recklessly refused to fully compensate Plaintiff with the mandatory payments for overtime as required under federal law.

31. To date, Plaintiff has not been fully compensated for his overtime hours.

32. Plaintiff has performed and/or satisfied all conditions precedent or Defendant has otherwise waived such conditions by its actions.

33. Plaintiff has retained the services of the undersigned and is entitled to receive her attorneys' fees and costs for bringing this action pursuant to § 216 of the FLSA.

## COUNT I – AS TO ALL DEFENDANTS
## UNPAID OVERTIME IN VIOLATION OF
## 29 U.S.C. § 207 OF THE FAIR LABOR STANDARDS ACT

Plaintiff re-alleges and incorporates paragraphs 1 through 33 as if fully set forth herein.

34. Plaintiff is a covered, non-exempt employee pursuant to the FLSA and is entitled to his unpaid overtime hours. *See* 29 U.S.C. §207.

35. Plaintiff regularly worked over forty (40) hours each workweek without being compensated for overtime.

36. From August 3, 2015 through September 20, 2016, Plaintiff's hourly rate was Ten Dollars ($10.00). Accordingly, Plaintiff's overtime rate was Fifteen Dollars ($15.00) per hour worked in excess of forty (40) hours.

37. Defendants willfully and intentionally refused to compensate Plaintiff up to one and a half times the hourly rate for all work performed in excess of forty (40) hours.

38. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage violated the FLSA, intentionally misled Plaintiff to believe that Defendants were not required to pay her overtime wages, or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay he earned.

39. Defendants' failure to properly compensate Plaintiff is in violation of the FLSA, pursuant to 29 U.S.C. § 207.

5

40. As a direct and proximate result of Defendants' action, Plaintiff has suffered damages.

41. Plaintiff is entitled to a back pay award of unpaid overtime wages for all hours worked in excess of forty (40) hours, liquidated damages, prejudgment interest, attorney's fees and costs, and other penalties.

42. As a result of Defendants' actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. Accordingly, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor and against Defendant A K S, Defendant JORGE, Defendant VERONA, Defendant D L I, and Defendant ARRIETA, jointly and severally, as follows:

   a. That Plaintiff recovery compensatory damages for all time worked and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) for the relevant time period;

   b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 29 U.S.C. § 216;

   c. That Defendants be ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief for the relevant time period;

   d. That Plaintiff recover an award of pre- and post-judgment interest; and

   e. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues to triable as a matter of right.

Dated this 9th day of May, 2017.

          **ALVAREZ, CARBONELL, COOKE, FELTMAN, & DA SILVA P.L.**
          *Counsel for Plaintiff*
          75 Valencia Avenue, 8th Floor.
          Coral Gables, Florida 33145
          Telephone No. (305) 444-5885
          Facsimile No. (305) 444-8986

By:*/s/ Daniel H. Perez*
          Daniel H. Perez, Esq.
          Florida Bar No. 106141
          DPerez@Acfdlaw.com
          Brian C. Costa, Esq.
          Florida Bar No. 68534
          BCosta@Acfdlaw.com

## DECLARATION AND NOTICE OF CONSENT TO JOIN

Pursuant to 28 U.S.C. § 1746, I hereby make the following declaration:

1. I am over 18 years of age and am capable of making this declaration. This declaration is made on my own personal knowledge

2. Pursuant to 29 U.S.C. § 216(b), I consent to serve as a party plaintiff in the above-referenced FLSA action.

3. I was employed by the named Defendants from August 3, 2015 through September 20, 2016.

4. I was not paid overtime wages for all of the time I worked for Defendants.

5. I agree to any decision to be bound in my case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated 5/5/2017

Signed: [signature]

Printed Name: Alexander Holmes Martinez