UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-21728-CIV-O'SULLIVAN
[CONSENT]

ALEXANDER NOLASCO,
    Plaintiff,

v.

AKS CARTAGE CORP., a
Florida for profit corporation,
JEMARY JORGE, an individual,
BARBARA VERONA, an individual,
DLI TRANSPORT CORP., a Florida
for profit corporation, ALEJANDRO
ARRIETA, an individual, DELTA
LINE INTERNATIONAL, INC.,
a Florida for profit corporation and
ANA M. VEGA, an individual,
    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the plaintiff's Memorandum of Law Regarding [the] Burden of Proof on the Technical Corrections Act (DE # 102, 6/7/18) (hereinafter "Plaintiff's Memorandum") and the Defendants' Memorandum of Law Regarding the Burden of Proof for the Technical Corrections Act (DE # 105, 6/11/18) (hereinafter "Defendants' Memorandum").

## ANALYSIS

At issue before the Court is which party bears the burden of proof on the applicability or inapplicability of the Technical Corrections Act (hereinafter "TCA").

The plaintiff argues that the defendants have the burden of proof on all issues related to the MCA exemption including the TCA. See Plaintiff's Memorandum at 1. The plaintiff further argues that "[t]he TCA amends [T]itle 49 – regulating the Department of

Transportation, and so the TCA naturally forms part of the proof on Defendants' MCA exemption claim." Id. at 1-2.[1] The plaintiff states that "[t]he employer bears the burden of proving all aspects of the MCA exemption, including the narrowed scope of the TCA, and any other conclusion is at odds with the purpose of the FLSA." Id. at 4. The plaintiff cites to several district court cases in this Circuit which have placed to burden of proof on the defendant at the summary judgment stage. Id. at 4-5. The plaintiff further argues that "[i]f Congress intended the Plaintiff to have the burden of proof on the TCA – they would have amended [T]itle 29 to include elements of the TCA in an employee's prima facie elements." Id. at 6. Additionally, the plaintiff argues that public policy favors placing the burden of proof on the defendants: "[b]y allocating the burden to the Defendants, who control the relevant information, the Court avoids the unjust situation where Defendants hide the ball and occult relevant evidence from the Plaintiff." Id. at 7.

The defendants counter that the TCA is not an exception to the MCA exemption. See Defendants' Memorandum at 4. Rather, the TCA amends the definition of a "covered employee" under 29 U.S.C. § 207 and therefore it is the plaintiff's burden to prove he is a "covered employee" under section 207. Id. at 2-3. The defendants further argue that the Court should follow the Fifth Circuit's decision in Carley v. Crest Pumping

---

[1] Alternatively, the plaintiff argues that "[e]ven if this Court finds that the Plaintiff shares some portions of the burden of proof, that portion may only attach once the Defendants establish that the MCA applies on a week by week basis." Plaintiff's Memorandum at 2. The Court previously issued an Order (DE# 94, 5/31/18) denying the plaintiff's motion for reconsideration wherein the plaintiff, for the first time, argued that the "Defendants must offer proof that Plaintiff engaged in activities affecting the safety of motor vehicles on a week-by-week basis." Motion for Reconsideration of May 22, 2018 Order (DE# 93 at 2, 5/30/18). The plaintiff did not timely raise this argument in response to the summary judgment motion and may not raise it now disguised as an argument on which party bears the burden of proof at trial.

Techs., LLC., which held that " the burden of proof is more appropriately placed on Plaintiffs . . . as compliance with the [TCA] is of a piece with compliance with § 207(a), rather than a way to exempt oneself from § 207(a) as per an exemption enumerated under 29 U.S.C. § 113."[2] 890 F.3d 575, 580 (5th Cir. 2018).

The defendants also cite the Supreme Court's recent pronouncement that exemptions under the FLSA are to be given a "fair reading" rather than a narrow construction. Encino Motorcars, LLC v. Navarro, 138 S. Ct. 1134, 1142 (2018). The defendants state that "with the change in the exemption standard, the Fifth Circuit [in Carley] also recognized that the clear text of the TCA should be given a fair reading, rather than be applied narrowly by disregarding its actual language so that it[s] application would be construed against employers." Defendants' Memorandum at 5. The defendants also argue that the plaintiffs' reliance on summary judgment cases is misplaced because in those cases, "the employers, as the movants for summary judgment[,] [were] not granted summary judgment because they were unable to meet [the] standard of showing that there was no dispute over material facts. These decisions did not analyze the burden of proof on the TCA issue, as the Court in Carley did." Id.

The plaintiff distinguishes Carley on the grounds that it "is [a] non-final decision that is not binding on this Court, and whose facts differ greatly from the facts at issue in this case." Plaintiff's Memorandum at 6. The plaintiff further argues that the Fifth Circuit in Carley "misinterprets the history of the TCA" when it states that "'the [TCA] was

---

[2] The Fifth Circuit's reference to 29 U.S.C. § 113 appears to be a typographical error since exemptions under the FLSA are found in section 213.

codified under 29 U.S.C. § 207, which sets out the FLSA standards that Plaintiffs bear the burden of proving [a] lack of compliance by an employer.'" Id. (quoting Carley, 890 F.3d at 580). The defendants respond that:

> To assume that the Fifth Circuit, in Carley, did not know that the TCA is part of Chapter 49 of the United States Code, is to assume an impractical level of judicial incompetence that should have indicated to Plaintiff that he misunderstood Carley. The point of Carley is that the TCA specifically amends 29 U.S.C. § 207's definition of a "covered employee", hence why the Fifth Circuit correctly posits that the TCA was codified under section §207. Plaintiff mistakes the term "codified" as meaning numbered in the same title, and, hence makes the misguided argument that if the TCA were meant to amended §207, Congress would have amended §207. This is an erroneous argument because the plain text of the TCA shows Congress did amend §207 via the TCA.

Defendants' Memorandum at 3.

In Carley, "[t]he parties . . . stipulated to the requisite facts establishing the MCA exemption." 890 F.3d at 577. At issue, was whether the plaintiffs were otherwise covered employees under the TCA. Id. At trial, the defendant presented evidence that the plaintiffs used only Ford F-350 trucks and that those trucks had a gross vehicle weight rating ("GVWR") of 11,500 pounds. Id. The GVWR of the vehicles was not refuted at trial. Id. The jury instructions placed the burden of proof on the defendant "to prove that the [TCA] did not apply to Plaintiffs." Id. The jury returned a verdict for the plaintiffs and the Court denied the defendant's motion for a judgment as a matter of law. Id. On appeal, the Fifth Circuit ruled that the burden of proving the weight of the vehicles under the TCA fell on the plaintiffs. Importantly, the Fifth Circuit determined that the TCA was not an exemption, rather it defined who was a covered employee under the statute. Id. at 579 (stating that "compliance with the [TCA] is of a piece with compliance with § 207(a), rather than a way to exempt oneself from § 207(a) as per an

4

exemption enumerated under 29 U.S.C. § 113.").

The text of the TCA does not state which party bears the burden of proof. The Court finds the reasoning in Carley persuasive. The TCA is not an exemption, rather it defines a group of "covered employees" under the FLSA who would otherwise be excluded from the FLSA's provisions under the MCA exemption. The Court takes the language in Carley, that the TCA was "codified" within section 207 to mean the TCA "amended" section 207 by providing certain employees with coverage under the FLSA. In other words, the TCA "explicitly amended the FLSA to provide that drivers who met the definition of a covered employee would be entitled to overtime compensation regardless of whether or not the Transportation [Secretary] ha[s] jurisdiction to regulate the hours and conditions of those drivers." Hernandez v. Alpine Logistics, LLC, No. 08-CV-6254T, 2011 WL 3800031, at *4 (W.D.N.Y. Aug. 29, 2011) (citing P.L. 110–244 § 306(A)). It is therefore a coverage provision.

Because "the Plaintiff bears the burden of demonstrating coverage under the FLSA," Hernandez v. Nanju Corp., No. 07-22786-CIV-MORENO, 2008 WL 1925263, at *2 (S.D. Fla. Apr. 30, 2008), the Court will also place the burden of proving the applicability of coverage under the TCA on the plaintiff.

Although Bedoya v. Aventura Limousine & Transp. Serv., Inc., No. 11-24432-CIV, 2012 WL 3962935, at *3 (S.D. Fla. Sept. 11, 2012) and other cases in this district placed the burden of establishing that the TCA did not apply on the defendants, some of those cases rested on the tenet that FLSA exemptions were narrowly construed. See, e.g., Castillo v. Lara's Trucking Inc., No. 16-20280-CIV, 2017 WL 945188, at *3 (S.D. Fla. Feb. 10, 2017) (stating "[b]ecause FLSA exemptions are

construed narrowly, the employer bears the burden of establishing entitlement to an exemption. . . . [i]n order to decide whether Defendants are entitled to summary judgment, we must determine whether: (1) the employer is a motor carrier subject to the Secretary of Transportation's jurisdiction; and (2) if so, whether coverage under the FLSA nevertheless extends to Plaintiff as a result of the Technical Corrections Act of 2008."). It is unclear whether in those cases, the burden of proving the inapplicability of the TCA would still be placed on the defendant given the Supreme Court's recent pronouncement that FLSA exemptions are to be given a "fair reading," rather than construed narrowly. Encino, 138 S. Ct. at 1142. Additionally, those cases were decided at the summary judgment stage where a motion could be denied either because the defendant failed to meet its initial burden of proof or because genuine issue of material fact precluded summary judgment for the movant.

In the instant case, the defendants have "admitted the Transit Van weighed less than 10,000 pound." Defendant's Memorandum at 10. Thus, the remaining issue at trial with respect to the applicability of the TCA, is whether the plaintiff drove a vehicle weighing 10,000 pounds or less for more than a de minimums amount of time. See Bedoya v. Aventura Limousine & Transp. Service, Inc., 2012 WL 3962935, *4 (S.D. Fla. Sept. 11, 2012) (stating that an individual is entitled to overtime pay "if more than a de minimis portion of the Plaintiff's work" is done with vehicles weighing 10,000 pounds or less). The Court will place that burden on the plaintiff.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that the plaintiff bears the burden of proof on

whether he drove a vehicle weighing 10,000 pounds or less for more than a <u>de minimums</u> amount of time.

DONE AND ORDERED in Chambers at Miami, Florida, this 13 day of June, 2018.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided:
All counsel of record