UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-21728-CIV-O'SULLIVAN

[CONSENT]

ALEXANDER NOLASCO,

      Plaintiff,

v.

AKS CARTAGE CORP., a
Florida for profit corporation,
DLI TRANSPORT CORP., a Florida
for profit corporation, ALEJANDRO
ARRIETA, an individual, DELTA
LINE INTERNATIONAL, INC.,
a Florida for profit corporation and
ANA M. VEGA, an individual,

      Defendants.

_____/

## **ORDER**

    THIS MATTER came before the Court on the Bill of Costs (DE# 154, 8/6/18) filed by the plaintiff.

## **BACKGROUND**

    On August 6, 2018, the plaintiff filed a Bill of Costs (DE# 154, 8/6/18). On August 20, 2018, the defendants filed a response in opposition. See Defendants' Response and Specific Objections to Plaintiff's Bill of Costs (DE# 157, 8/20/18) (hereinafter "Response"). The plaintiff filed a reply on August 27, 2018. See Reply to Defendant's Response to Memorandum in Support of Plain[ti]ff's Bill of Costs (DE# 160, 8/27/18) (hereinafter "Reply").

    This matter is ripe for adjudication.

## ANALYSIS

The plaintiff seeks to recover costs pursuant to 28 U.S.C. § 1920 and 29 U.S.C. § 216(b). <u>See</u> Memorandum in Support of Plaintiff's Bill of Costs (DE# 154-8 at 1, 8/6/18). Initially, the plaintiff sought to recover $8,805.26 in costs. <u>See</u> Bill of Costs at 1. The plaintiff has since reduced the amount sought in costs to $7,995.60. <u>See</u> Reply at 4.

### A.   Prevailing Party

Title 29, United States Code, Section 216(b) directs the Court to award costs to the prevailing party in an action brought under the Fair Labor Standards Act. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs other than attorneys' fees shall be allowed to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d)(1). A "prevailing party," for purposes of the rule, is a party in whose favor judgment is rendered. <u>See</u> <u>Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.</u>, 298 F.3d 1238, 1248 (11th Cir. 2002).

On July 6, 2018, the Court entered a Final Judgment (DE# 146, 7/6/18) in favor of the plaintiff and against the defendants. Accordingly, the plaintiff is the prevailing party in this case and is entitled to recover reasonable costs.

### B.   Taxable Costs

Title 28, United States Code, Section § 1920 sets out the specific costs that may be recovered:

A judge or clerk of any Court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts
necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any
materials where the copies are necessarily obtained for use in the
case;

(5) Docket fees under section1923 of this title;

(6) Compensation of court appointed experts, compensation of
interpreters, and salaries, fees, expenses, and costs of special
interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In the exercise of sound discretion, trial courts are accorded great latitude in

ascertaining taxable costs. However, in exercising its discretion to tax costs, absent

explicit statutory authorization, federal courts are limited to those costs specifically

enumerated in 28 U.S.C. § 1920. U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620 (11th

Cir. 2000).

**1.      Defendants' General Objection**

At the outset, the defendants argue that the plaintiff should not recover any costs

because:

a large portion of the cost reimbursement Plaintiff seeks is not recoverable
or has not been petitioned for in a way that is recoverable, hence the
Court should either deny the request entirely based on its insufficiency, or
cut the requested costs dramatically based on the fact that many of the
costs are not recoverable.

Response at 2. The Court is not persuaded by this argument. The Court disagrees with

the defendants' characterization that "a large portion of the costs" sought by the plaintiff

are non-taxable. Additionally, the Court notes that in his Reply, the plaintiff agreed to

withdraw non-taxable costs such as mediation expenses, parking costs and late fees.
See Reply at 3-4.

### 2.      Fees of the Clerk

The plaintiff seeks to recover $400.00 in filing fees. See Bill of Costs at 1. Other
than the blanket objection discussed above, the defendants do not raise any specific
objections to the plaintiff recovering $400.00 for the filing of the complaint. Subsection
1920(1) allows for the recovery of "fees of the clerk and marshal." 28 U.S.C. § 1920(1).
Accordingly, the Court will allow the plaintiff to recover **$400.00** for filing fees.

### 3.      Summonses and Subpoenas

The plaintiff seeks to recover $675.00 in costs for the service of summonses and
subpoenas. See Bill of Costs at 1. Private process server fees may be taxed. E.E.O.C.,
213 F.3d at 623. The defendants argue that "rush fees" totaling $150.00 are not
taxable. See Response at 5. The defendants also argue that service of trial subpoenas
on three corporate representatives/defendants (totaling $90.00) was unnecessary. Id. at
5-6. Lastly, the defendants argue that because defendants Barbara Verona and Jemary
Jorge prevailed at the summary judgment stage, the defendants should not have to pay
for the initial summonses served on Ms. Verona and Ms. Jorge (totaling $150.00). Id. at
6.

In his reply, the plaintiff withdrew the request for service of summonses on Ms.
Verona and Ms. Jorge. See Reply at 3. The plaintiff further argues that the remainder of
the fees should be taxed. The plaintiff explains that the rush fees were necessarily
incurred:

> The "rush" fees associated with service of process were to: (1) Andres
> Oyarzun, a witness who was not anticipated until after Defendants
> asserted that Plaintiff did not drive the Ford Transit Connect for more than
> a de minimis amount; and (2) the Defendants themselves when Defense
> counsel stopped answering emails regarding accepting service on behalf
> of his clients. Neither "rush" fee was required by inaction on the part of
> Plaintiff's counsel, and therefore all rush fees were necessary and
> taxable.

Id. The plaintiff also states that he served trial subpoenas on the defendants because

defendants' counsel stopped responding to plaintiff's counsel's emails. Id.

Ordinarily, the Court would not be inclined to award "rush" fees. However, given

the manner in which triable issues developed in the instant case and counsels'

breakdown in communication, the Court concludes that the "rush" fees were necessarily

incurred in the instant case. The Court also finds that the service of trial subpoenas on

the corporate representatives/defendants were necessarily incurred due to the

breakdown in communication between counsel.

In sum, the Court will allow the plaintiff to recover **$525.00** ($675.00 minus

$150.00) for costs incurred for the service of summonses and subpoenas.

### 4.    Transcripts

Initially, the plaintiff sought to recover $2,281.99 for transcripts. See Bill of Costs

at 1. In their response, the defendants objected to two late fees/finance charges

($31.20 and $62.40). See Response at 6. The plaintiff has withdrawn his request for

late fees/finance charges. See Reply at 4. Accordingly, the Court will reduce the

amount sought by the plaintiff for transcripts by $93.60 ($31.20 plus $62.40).

To the extent the defendants argue that the Court should make additional

reductions to costs because the parties agreed to take depositions in both the instant

5

case and in a related case, Case No. 17-cv-22099-OAR, see Response at 6-7, the Court finds that it is not in the interest of judicial economy to prorate the cost of deposition transcripts and interpreter services between the two cases. Each plaintiff prevailed in their case and their counsel "agrees he will only seek recovery one time for these costs." Reply at 4.

The Court finds that the deposition transcripts for which the plaintiff requests reimbursement were necessary for use in the case and that the plaintiff is entitled to recover these costs. Accordingly, the Court will allow the plaintiff to recover **$2,188.39** ($2,281.99 minus  $93.60) for transcripts.

### 5.    Printing Costs

The plaintiff seeks to recover $153.01 in printing costs. Although printing costs are recoverable under subsection 1920(3), the plaintiff does not provide an explanation for why these printing costs were necessarily incurred in this case. Accordingly, the Court will reduce the amount of costs awarded to the plaintiff by $153.01.

### 6.    Copies

The plaintiff seeks to recover $2,594.20 for photocopying costs for 7,412 copies. Section 1920(4) allows for the costs of making copies that are necessarily obtained for use in the case. "[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." E.E.O.C., 213 F.3d at 623.  "[A]n item-by-item description is not required, [but] some information of the types or categories of documents copied and the reason for the copies must be furnished." Kellogg Brown & Root Int'l, Inc. v. Altanmia

Commercial Mktg. Co., No. H07-2684, 2009 WL 1457632, at *6 (S.D. Tex. May 26, 2009).

Here, the plaintiff explains that "the copying costs were all incurred in June of 2018" and included 515 photographs showing the hours the plaintiff worked, in excess of 100 pages consisting of a year of telephone records and approximately 400 invoices and bills of lading. See Reply at 2. Additionally, "for trial, Plaintiff's counsel had to print deposition transcripts, discovery, and pleadings" and was required to make four copies of trial exhibits. Id.

The undersigned finds that the plaintiff has adequately shown that the requested copies were necessarily obtained for use in the case. See 28 U .S.C. § 1920(4). Although at first glance, 7,412 copies in one month appears excessive, the plaintiff has shown that these copies were necessary, particularly in light of the defendant's defenses at trial which required the plaintiff to show that he worked more than a de minimis amount of unpaid overtime and "performed meaningful work for more than an insubstantial amount of time with a White 2010 Ford Transit Connect." See Jury Instructions (DE# 135 at 9, 13, 6/27/18).

The defendants also argue that $0.35 per page is excessive. See Response at 4 ("The Plaintiff requests $2,594.20 for 7,412 copies, which comes out to thirty-five cents per-page. This is clearly an excessive cost per-page, and this Court held costs of just nineteen cents per-page to be unreasonably high."). The plaintiff does not address why $0.35 per page is reasonable. The defendants cite to a case where the undersigned awarded a rate of $0.15 per copy. Id. (citing Tarantino v. Ford, No. 07-20397-CIV, 2011 WL 3294046, at *3 (S.D. Fla. Aug. 1, 2011), report and recommendation adopted, No.

7

07-20397-CIV, 2011 WL 13174675 (S.D. Fla. Aug. 23, 2011)). The Court finds that a rate of $0.15 per copy is reasonable here and will allow the plaintiff to recover his copying costs at this rate. See James v. Wash Depot Holdings, Inc., 242 F.R.D. 645, 651-652 (S.D. Fla. 2007) (holding that rates may vary from $0.10 to $0.25 per page and pointing out that the in-house rate should be approximated to the local outside vendors).

Accordingly, the Court will allow the plaintiff to recover **$1,111.80** (7,412 copies times $0.15) for copies.

**7.      Interpreters**

Subsection 1920(6) authorizes the taxation of compensation of interpreters. 28 U.S.C. § 1920(6). The plaintiff seeks to recover $2,135.00 for the services of an interpreter. See Bill of Costs at 1. The defendants argue that the costs sought by the plaintiff for the services of an interpreter should be reduced by $230.00 because the deposition of Alejandro Arrieta lasted 6 hours and the invoices for the interpreter added up to 8 hours. See Response at 6. The plaintiff does not respond to this argument. Accordingly, the Court will reduce the amount sought by the plaintiff by $230.00 to account for excess costs charged for the deposition of Mr. Arrieta.

The defendants also argue that the Court should prorate the cost of the interpreter between this case and Case No. 17-cv-22099-OAR. For the reasons already stated above, the Court declines to do so.

In sum, the Court will allow the plaintiff to recover **$1,905.00** ($2,135.00 minus $230.00) for the services of an interpreter.

**8.      Other Non-Taxable Costs**

Initially, the plaintiff sought to recover a total of $566.06 for mediation fees and parking costs. See Bill of Costs at 1. In his reply, the plaintiff withdrew his request for these costs. See Reply at 2. Accordingly, the Court will reduce the amount of costs awarded to the plaintiff by $566.06.

<u>**CONCLUSION**</u>

In accordance with the forgoing Order, it is

ORDERED AND ADJUDGED that the Bill of Costs (DE# 154, 8/6/18) is

**GRANTED in part and DENIED in part**. It is further

ORDERED AND ADJUDGED that the plaintiff is awarded **$6,130.19** in costs.

The Court will enter a judgment in favor the plaintiff as to costs in the total amount of **$6,130.19**.

DONE AND ORDERED in Chambers at Miami, Florida, this **5th** day of September, 2018.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided:
All counsel of record

9