UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-21728-CIV-O'SULLIVAN

[CONSENT]

ALEXANDER NOLASCO,

Plaintiff,

v.

AKS CARTAGE CORP., a Florida for profit corporation, DLI TRANSPORT CORP., a Florida for profit corporation, ALEJANDRO ARRIETA, an individual, DELTA LINE INTERNATIONAL, INC., a Florida for profit corporation and ANA M. VEGA, an individual,

Defendants.
_______________________________/

**ORDER**

THIS MATTER came before the Court on the Defendants' Motion for a New Trial (DE# 153, 8/1/18).

**BACKGROUND**

On June 27, 2018, the jury rendered a verdict in favor of the plaintiff and against the defendants. See Verdict Form (DE# 140, 6/27/18). On July 6, 2018, the Court entered a final judgment in accordance with the verdict. See Final Judgment (DE# 146, 7/6/17).

The defendants filed the instant motion on August 1, 2018. See Defendants' Motion for a New Trial (DE# 153, 8/1/18) (hereinafter "Motion"). The plaintiff filed a response in opposition on August 29, 2018. See Response to Defendants' Motion for

New Trial (DE# 161, 8/29/18) (hereinafter "Response"). The defendants filed a reply on September 5, 2018. See Defendants' Reply to Plaintiff's Response to Defendants' Motion for New Trial (DE# 165, 9/5/18) (hereinafter "Reply").

This matter is ripe for adjudication.

## ANALYSIS

The decision to grant a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure is within the Court's discretion. Burger King Corp. v. Mason, 710 F.2d 1480, 1486 (11th Cir. 1983). Rule 59(a)(1)(A) states that a court may grant a motion for new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A Rule 59 motion for new trial "is governed by a less stringent standard" than "a renewed motion for judgment as a matter of law under Rule 50(b)." George v. GTE Directories Corp., 195 F.R.D. 696, 701 (M.D. Fla. 2000). When ruling on a Rule 59(a) motion for new trial, the judge must determine "if in his opinion, the verdict is against the clear weight of the evidence . . . or will result in a miscarriage of justice." Ins. Co. of N.A. v. Valente, 933 F.2d 921, 923 (11th Cir. 1991) (quoting Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir. 1984)).

"A motion for new trial may be granted if the trial court made substantial legal errors when instructing the jury or when admitting or rejecting evidence." Stepanovich v. Bradshaw, No. 2:14CV270-PAM-MRM, 2017 WL 5249535, at *1 (M.D. Fla. Apr. 17, 2017), aff'd sub nom. Stepanovich v. City of Naples, 728 F. App'x 891 (11th Cir. 2018). In the instant case, the defendants argue that they are entitled to a new trial because the Court: (1) improperly excluded DHL records from the evidence presented to the jury

and (2) failed to properly instruct the jury on the Fluctuating Work Week ("FWW") method of calculating damages. See Motion at 1-2. The Court will address these arguments in turn.

**1. Exclusion of DHL Records**

At trial, the defendants sought to introduce DHL records which showed what time during the day DHL labels were generated, but not when packages were dropped off by DHL or who dropped them off. See Trial Transcript (DE# 155 at 54-55, 8/9/18).[1]

The defendants argue that they should have been permitted to introduce DHL records to impeach the plaintiff's testimony that he made nightly drop-offs to DHL. According to the defendants, "[i]f the jury saw the [DHL records], they would be left with the plain and stark reality that the Plaintiff made up a story about nightly DHL drop-offs to fabricate a claim for daily overtime, and that fabrication was aimed at the heart of the matter the jury was empaneled to decide." Motion at 4. The defendants further argue that "[t]he Court erred in excluding the evidence because the evidence should have been admitted for the purposes of impeachment, and therefore, was immune from disclosure under Rule 26(a)(3)(A)." Id. at 5. In their reply, the defendants argue that the DHL records would have shown "there were periods of a week, or more, when there were no DHL drop offs." Reply at 2. However, at trial, the defendants sought to introduce the DHL records because they showed the **time** when shipping labels were generated, not because they reflected days during which no DHL shipping labels were

[1] The defendants state that "a contemporaneous objection was made during the charging conference, as to not offering an instruction on the Fluctuating Work Week." Motion at 7. The Court notes that the defendants have not provided the Court with the portion of the trial transcript showing that they made an objection.

made:

THE COURT: All right. Come sidebar.

(Bench conference as follows.)

[Counsel for the Plaintiff]: What they have shown is the times the plaintiff was doing deliveries.

[Counsel for the Defendants]: This shows when the D.H.L. deliveries were made, not necessarily with plaintiff. That's why it wasn't produced before, because it's not part necessarily of what plaintiff did. **But there was evidence that came to light where plaintiff says, I did deliveries at 7:00, 8:00, and this tends to disprove that**. It doesn't have Mr. Nolasco's name on it, which is why it wasn't produced previously. It's just the D.H.L. records.

THE COURT: This is D.H.L. records of what?

[Counsel for the Defendants]: When the labels were made, **how late they were made**, but it doesn't have Mr. Nolasco's name in it.

[Counsel for the Plaintiff]: All it shows is when the label was generated? It doesn't show when the label was turned into D.H.L.?

[Counsel for the Defendants]: Correct. We can ask about that, and you can cross-examine that. It is reliable for what it is. It's a business record of all the D.H.L. record[s] of our client during the relevant time period. They can cross-examine and ask whether any of them is Mr. Nolasco. We don't mind that.

Trial Transcript (DE# 155 at 54-55, 8/9/18) (emphasis added).

Based on the arguments made by the parties at trial, the Court correctly excluded the DHL records on several grounds:

THE COURT: I'm not going to allow it. First, I think it should have been provided in discovery, because not only is it rebuttal, but it also supports your defense in the case. And I also find that it would be confusing to the jury because this does not show what time the shipments are made but, rather, when the label was created. So I'm not allowing it.

Id. at 55. The DHL records were properly excluded because they were not previously

disclosed by the defendants. The records were not merely for impeachment purposes because they related to a defense in the case. Introduction of the records which only showed when DHL labels were generated, but not at what time DHL packages were dropped off by the plaintiff would have confused the jury. Accordingly, the defendants are not entitled to a new trial based on the exclusion of DHL records.

**2. Failure to Instruct the Jury on the Fluctuating Work Week**

The defendants also argue that they are entitled to a new trial on damages because the Court failed to instruct the jury on the Fluctuating Work Week (FWW) method. According to the defendants, the Court's failure to instruct the jury on the FWW "turned the case into a time-and-a-half case rather than a half-time case, and because the regular rate used to calculate the overtime damage award should have been a week-by-week determination." Motion at 8.

At trial, the Court instructed the jury as follows:

> The FLSA requires an employer to pay its employees at a rate of at least one and one-half the employee's "regular rate" for time worked in any one work week over 40 hours. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.
>
> The employee's "regular rate" for one week is the basis for calculating any overtime pay due to that employee. **If an employee is paid on a salary basis, the employee's "regular rate" for a week is determined by dividing the regular salary paid by the number of hours which the salary is intended to compensate**. To calculate how much overtime pay was due to the NOLASCO [sic] for a certain week, subtract 40 from the total number of hours he proved to have worked and multiply the difference by the overtime rate of 1.5. Defendants failed to pay NOLASCO the required overtime pay only if they paid him less than that amount.

> The amount of damages if any is the difference between the amount NOLASCO should have been paid and the amount he was actually paid.

Jury Instructions (DE# 135 at 11, 6/27/18) (emphasis added).

The defendants argue that the above instruction, although a correct statement of the law, is nonetheless erroneous because it presumes that the plaintiff's salary was meant to compensate him for a forty-hour workweek. See Motion at 12 (stating that "[t]he conclusion of the Court that the salary was intended to compensate forty hours makes the Court's instruction erroneous even if it is a correct statement of law.").

The plaintiff maintains that:

> [T]he instructions given to the Jury were proper. First, Defendants did not elicit any testimony or evidence that the $400.00 weekly salary paid to the Plaintiff was intended to cover more than 40 hours per week. Therefore, this issue was not properly before the jury, and the Defendants' Motion fails. Second, there was no prejudice to the Defendants because the jury instruction that was given covered the "fluctuating workweek method." Defendants were free to argue to the jury that the "fluctuating workweek method" was the appropriate means to calculate damages in this case. They chose not to make that argument.

Response at 5. The plaintiff also states that the FWW "method for calculating damages is 'conceptually subsumed' in the standard jury instruction regarding calculation of unpaid overtime damages." Id. (quoting Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1311 (11th Cir. 2013)).

In their reply, the defendants argue that:

> Plaintiff misses the point of Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1311 (11th Cir. 2013). The instruction in Lamonica allowed the jury to determine the number of hours the salary was intended to compensate for, and if the jury found it was intended to compensate for all hours worked, then the jury would have, by default, done the Fluctuating Work Week Calculation, hence the specific jury instruction in Lamonica conceptually subsumed the Fluctuating Work Week ("FWW").

> The instruction this Court gave improperly deprived the jury of the factual determination of how many hours the salary was intended to compensate, meaning it was fatally flawed even if the FWW instruction was not the proper alternative.
>
> ***
>
> The instruction in this case is not just distinguishable, but completely different than the instruction in Lamonica. The instruction in this case did not allow the jury to determine the number of hours the salary was intended to compensate, a question of fact that should have been determined by the jury. By determining the factual question for the jury, that the salary was intended to compensate 40 hours per-week, the instruction given was fatally flawed, because how many hours per-week a salary is intended to compensate is a factual question for a jury, not a legal question that can be determined by the Court. Even if the FWW instruction should not have replaced the instruction the Court gave, the instruction the Court gave was flawed in not allowing the Jury to be the finder of fact.
>
> Because the jury was not left to determine the factual question, of how many hours the salary was intended to compensate, unlike in Lamonica, the instruction at issue in this action did not conceptually subsume the FWW.

Reply at 2-3.

In Lamonica, the Eleventh Circuit "h[e]ld that the district court did not abuse its discretion in refusing to give Appellants' proposed instruction on the fluctuating workweek method." 711 F.3d at 1312. The Eleventh Circuit noted that while "more specificity [was] preferable," the district court's instruction to the jury "allowed the jury to effectively apply the fluctuating workweek method." Id. Specifically, the Eleventh Circuit noted that:

> The district court properly instructed the jury to calculate Appellees' regular rates of pay using the number of hours their salaries were intended to compensate. Based on this instruction, the jury could have determined that Appellees' salaries were intended to compensate all hours worked and calculated their regular rates of pay accordingly. The district court further instructed the jury that "[t]he measure of damages is the difference between what the employee should have been paid under

> the act and the amounts that you find were actually paid." Thus, if the jury determined that Appellees' salaries were intended to compensate all hours worked, it should have determined that they were already partially compensated for their overtime hours at their regular rate of pay and merely awarded an overtime premium at half that rate. This is, in effect, an application of the fluctuating workweek method.

Id. at 1311-12.

The defendants are not entitled to a new trial on damages. "District courts are afforded 'wide discretion as to the style and wording employed' in [the] construction [of] jury instructions, so long as the instructions accurately reflect the law." Mt. Hawley Ins. Co. v. Tactic Sec. Enf't, Inc., No. 616CV1425ORL40TBS, 2018 WL 3496092, at *5 (M.D. Fla. July 20, 2018) (quoting Gowski v. Peake, 682 F.3d 1299, 1310 (11th Cir. 2012) (per curiam)). "In considering the failure of a district court to give a requested instruction, the omission is error only if the requested instruction is correct, not adequately covered by the charge given, and involves a point so important that failure to give the instruction seriously impaired the party's ability to present an effective case." Wood v. President & Trustees of Spring Hill College in City of Mobile, 978 F.2d 1214, 1222 (11th Cir. 1992).

There is no support for the defendants' argument that "[t]he instruction this Court gave improperly deprived the jury of the factual determination of how many hours the salary was intended to compensate . . . ." Reply at 2. The undersigned notes that in Lamonica, the judge instructed the jury as follows:

> This case arises under the Fair Labor Standards Act, the Federal law that among other things provides for the payment of time-and-a-half overtime pay. The plaintiffs claim that the defendants did not pay them the overtime pay required by law.
>
> The plaintiffs, in fact, claimed that they were not paid overtime or straight

time or, in other words, they were only paid for the first 40 hours they worked each week and were not paid at all for the hours they worked in addition to 40 hours.

***

The act requires an employer to pay its employee at a rate of at least one-and-a-half times their regular rate for the time worked in one week over 40 hours. This is commonly known as time-and-a-half pay for overtime worked.

The employee's regular rate during a particular week is the basis for calculating any overtime pay due him for that week. **The regular rate for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime rate then would be one-and-a-half of that rate and would be owing for each hour in excess of 40 hours worked during the workweek**.

***

**The measure of damages is the difference between what the employee should have been paid under the act and the amounts that you find were actually paid**.

Trial Transcript (DE# 215 at 100-102 in Case No. 07-cv-61295, 7/7/11) (emphasis added). The Eleventh Circuit found that based on these instructions the jury could have effectively applied the FWW method and therefore the trial court did not err in its instructions to the jury. Lamonica, 711 F.3d at 1311-12.

The undersigned similarly concludes that based on the instructions this Court provided, the jury in the instant case could have also effectively applied the FWW method. Here, the Court advised the jury that "[t]he amount of damages if any is the difference between the amount NOLASCO should have been paid and the amount he was actually paid." Jury Instructions (DE# 135 at 11, 6/27/18). The Court further advised the jury that "[i]f an employee is paid on a salary basis, the employee's 'regular rate' for a week is determined by dividing the regular salary paid **by the number of**

**hours which the salary is intended to compensate**." Id. (emphasis added).

The challenged instruction was a correct statement of the law. Under the challenged jury instruction, if the jury determined that the plaintiff was paid by salary, the jury was free to divide the plaintiff's salary by however many hours it believed the plaintiff's salary was intended to compensate. Accordingly, as in Lamonica, because the challenged jury instruction "allowed the jury to effectively apply the fluctuating workweek method," the defendants were not prejudiced "by the refusal to give more specific instructions." Lamonica, 711 F.3d at 1312. Thus, the defendants are not entitled to a new trial on damages.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Defendants' Motion for a New Trial (DE# 153, 8/1/18) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this **7th** day of September, 2018.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided:
All counsel of record